968 F.2d 1215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alan KUNSELMAN; Plaintiff-Appellant,
Martha Kunselman; Craig Kunselman, Minor; Curtis
Kunselman, Minor; Cara Kunselman, Minor, Plaintiffs,
v.
BOARD OF EDUCATION OF WESTERN RESERVE LOCAL SCHOOL DISTRICT,
Defendant-Appellee.
 Nos. 92-3385, 92-3564.
 United States Court of Appeals, Sixth Circuit.
 June 24, 1992.
 
 Before MILBURN and SILER, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiff appeals the dismissal of this civil rights action for failure to file a timely opposing brief to a motion to dismiss. That appeal is pending as Case No. 92-3385. Subsequently, the plaintiffs refiled the action in the same district. The second complaint was referred to another judge who entered an order which stays all proceedings, including discovery, pending this court's resolution of the appeal from the dismissal of the first action. The order further provides that upon this court's decision in that appeal the court will determine whether to proceed with the action before it. The plaintiff has appealed the stay order, and the appeal is docketed in this court as Case No. 92-3564.
 
 
 2
 This court has appellate jurisdiction to review final orders of the district courts. 28 U.S.C. § 1291. An order is final if it terminates all issues presented in the litigation on the merits and leaves nothing to be done except to enforce by execution what has been determined. Catlin v. United States, 324 U.S. 229, 233 (1945). In the instant case, the district court has simply stayed the proceedings before it pending resolution of the appeal in Case No. 92-3385. The order does not terminate the litigation.
 
 
 3
 An order may be appealable as a collateral order if it 1) conclusively determines the disputed question; 2) resolves an important issue which is completely separate from the merits of the action; and 3) would be effectively unreviewable on appeal from the final judgment. Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978). In some instances an order granting a stay may be reviewable by an appellate court. See Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1 (1983). However, in Moses, the requirement of finality was met since the order placed the appellant "effectively out of court." Id., 460 U.S. at 10. In the instant case, the order simply manages the case pending before the district court and remains reviewable, if necessary, following entry of final judgment in the case.
 
 
 4
 Therefore, it is ORDERED that the appeal in Case No. 92-3564 is dismissed sua sponte for lack of a final, appealable order. Case No. 92-3385 shall continue upon the docket.